by that time. We'll start with Thompson versus Rovella. Good morning. May it please the court. My name is Rachel Baird and I represent the appellant plaintiff, Hubert Thompson. In this case, Mr Thompson was wrongfully incarcerated for four years and three months between December 12th, 2007 and March 3rd, 2012. After a trial to the bench where he was convicted of sexual assault in the first degree and kidnapping in the first degree. In that trial, there were five pieces of evidence. The evidence of the rape kit that was taken at ST Francis Hospital was not entered, and it was stipulated by counsel that the rape kit had not resulted in any positive results. The results were negative, so it wasn't entered as evidence, although there was a substance on a piece of underwear that was in the rape kit. At that time, there was not the technology to go any further with the DNA. In 2006, in Connecticut, in a well-publicized case, James Tillman was exonerated by DNA evidence, and shortly thereafter, the legislature in Connecticut passed 54-102UU, which provides for wrongful conviction compensation to individuals who have shown that they were innocent or that there were grounds consistent with innocence. In the course of Mr Thompson's habeas matter, his attorney in 2011 went to the Hartford Police Department, obtained the rape kit, submitted it, and it ended up exonerating Mr. Hubert Thompson. He was brought to court in 2012. His case, he was released from prison, and on July 19, 2012, his case was dismissed by the prosecutor. He subsequently brought a wrongful conviction claim under 54-102UU, and on January 2, 2014, which is the date that we, the plaintiff, contend is the important date for the statute of limitations in this The attorney general for the state of Connecticut, who was representing the state in that wrongful incarceration claim before the claims commissioner, spoke to the prosecutor and maintained in a letter to the claims commissioner and to Mr. Thompson's attorney that his conviction had been dismissed or his case had been dismissed on grounds consistent with innocence. But the case had been dismissed on July 19, 2012. I'm not sure why that isn't the critical date. Tell us, because that's the whole issue on this appeal. Why don't you tell us why we shouldn't view that as the determinative date? If you look at the legislative history of 54-102UU, it was first enacted in 2008. Prior to that, there was no wrongful conviction statute, and the statute, at the time of its enactment, held that or stated that only two grounds could you obtain compensation under that statute, innocence or grounds consistent with innocence. But I think the point of Judge Radji's question has nothing to do with 54- whatever it is. It has to do with why the July 19 dismissal isn't the dispositive date. In short, we argue that the January 2nd, 2014 letter concluded the prosecution. That was the final step in the prosecution. I don't understand that at all. The final step in the prosecution would have been the dismissal on July 19, 2012, even if that subsequently, excuse me, even if that statute had never been passed, right? But because the statute was passed- Focus on my question, please. If that statute never existed, the termination of the prosecution would have been on July 19, 2012. True or false? True. Okay. Now, on what basis do you say that suddenly what would have been a malicious prosecution, a termination sufficient to predicate a civil claim for malicious prosecution, for example, was magically transformed into something different? Because if there's been one amendment to 54-102UU since 2008, and that occurred in 2016, and the amendment to the statute states that you can obtain wrongful conviction statute either by a dismissal of the case, by a reversal and the charges are vacated, or by innocence or grounds consistent with innocence. But how does that help you? How does that help you, you had the case dismissed? I mean, it would seem to me it would be the earliest of the dates that allows you to pursue this, because after all, waiting for the dismissal is itself an expansion of the statute of limitations. Usually the false arrest claim would arise with the arrest, but because you needed a favorable conclusion here, the question becomes whether the dismissal of all charges is the favorable conclusion. You don't need anything more to bring your 1983 action. I mean, I'm not sure why the law should wait longer for this to be raised. Well, in our case there's an anomaly, and the anomaly is the way that 54-102UU interacts at least until the amendment in 2016. The amendment in 2016 has put it back to the three-year statute of limitations, because it allows for you to – it allows for compensation just with a dismissal or just with a reversal of the case. But back in 2008, when it required innocence or grounds consistent with innocence, it required that the prosecutor step back in if he or she had not stated that on the date of dismissal, July 19th, 2012, and state and conclude the matter as the last act in the matter that the case was dismissed on the grounds of innocence or – What was the – what was the ground for dismissal on July 19th? The DNA evidence. Specifically, what was the ground? It was on the merits, right? The state was unable to prove its case because of the results of the DNA evidence, yes. Therefore, it was on the merits. And if the state had indicted him on July 20th, 2012, for the rape, that prosecution would have been barred, right? On July 20th, 2012? Yes, the day after the dismissal. Suppose they came back the next day and re-indicted him. Foreclosed, right? Yes. But again, I would like to argue equitably as well, equitable tolling in this case. Mr. Thompson was incarcerated for four years and three months wrongfully. He reasonably looked at the statute, the wrongful conviction statute, where it said that you had to have the prosecutor indicate whether there were grounds for innocence or grounds consistent with innocence. That was the final act of the prosecution, that January 2nd, 2014 letter. Did he receive some remuneration from another source? He did, pursuant to that statute. Yes, he did. And that's why I'm perplexed. Isn't that just a different civil action? Connecticut gives him a remedy, but 1983 gives him a remedy. And the 1983 action could be brought anytime after the July 19th, 2012 dismissal of charges. It could certainly have been, but... ...proceeding was a decision in a civil case. It had nothing to do with the criminal prosecution. What am I missing? The criminal prosecution had to step in and tell the Attorney General, who was representing the State civilly, the grounds for dismissal were consistent with innocence or because he was innocent. The prosecutor... ...of that civil statute. But you didn't need that to bring the 1983 action. I take it that the logic of your position is this. The dismissal on July 19th was not good enough, that the statute doesn't begin to run until the Attorney General comes into a compensation proceeding under the new statute and says, yes, the dismissal was because he was innocent or it was consistent with innocence. Right so far? The prosecutor steps in, yes. So suppose he waited until 2100, the year 2100, let's just imagine, to seek compensation. It would be the product of your logic that because he waited 80 years, he's not time barred because by waiting 80 years the Attorney General hasn't stepped in to the civil matter, it didn't exist. And the statute on the 1983 claim therefore doesn't begin to run until 2100. Isn't that your position? Well the statute requires that you file a wrongful compensation claim within two years. So... Well, yeah, that may be and his wrongful compensation claim may be time barred, but his 1983 claim isn't time barred on your logic, is it? Well, he would have never had to obtain that indication from the prosecutor, and by the way, this problem has gone away with the 2016 amendment. That's my point. It's a blip in time for this to occur. That's my point. Your client had total control over when, if ever, he brought a compensation proceeding under the Connecticut statute. And your position is that the longer he waits to do that, the longer he delays the Attorney General from stepping in to say the criminal dismissal was on grounds of innocence, and the longer he prevents the 1983 statute of limitations from running, right? Well, I understand what you're saying, that could happen, but the statute provides that he either brings the wrongful compensation claim within two years or it's gone. So the foreverness of the process wouldn't go as long as that. Ms. Baird, I know you want to reserve some time for rebuttal, so let's hear from the other side. Thank you. Good morning, may it please the Court. I'm Daniel Krish on behalf of the Justice Department. The questions and this Court's recent decision in SPAC make it clear the plaintiff's causes of action accrued at the latest when the state dismissed the charges against them, and there is no circumstance that calls for equitable tolling of that limitations period. SPAC involved a less favorable termination than an outright dismissal. The prosecutor in SPAC nollied the charges, and in Connecticut that gave him the unilateral right to bring the charges again in a new prosecution. In this case, there was an actual dismissal, which, as Your Honor's questions pointed out, invoked double jeopardy. That is more favorable than the termination was in SPAC, and in SPAC the statute started running on the date of the nollie. The fact that Connecticut's wrongful compensation statute requires actual innocence has no bearing on what 1983 requires, because 1983 looks to the analogous state law cause or causes of action and malicious prosecution only requires favorable termination. Just a word about the plaintiff's other claims. He had some state law claims, inflicted emotional distress, negligence. Those weren't briefed, so they're abandoned. But even if the Court wants to reach them, the latest possible date those could have accrued based on the allegations is when he was let out of prison, which was in March of 2012, four months before the dismissal. On the equitable tolling issue, I don't think this Court actually has to look at the two prongs of equitable tolling, because you can't toll what hasn't begun. And all of the conduct that Mr. Thompson claims prevented him from filing suit ended long before July 19, 2012. His claim is, they withheld exculpatory evidence from me, I was in jail. It's inequitable to hold me to the statute of limitations. But months before that, before July 19, 2012, he was out of jail, and he had the exculpatory information. Unless Your Honors have other questions, I'd ask you to affirm the well-reasoned decision of the District Court. Thank you. I'm afraid you do have two minutes. Just briefly, the legal remedies that were made available to Hubert Thompson were insufficient, and didn't fully account for the intersection of 54-102UU and the three-year statute of limitations of 1983. He asked that the Court consider equitable tolling, because the law was inadequate at that time to inform him clearly and unambiguously when the last act of the prosecutor was, which we claim was January 2, 2014, and what date he should have used to calculate when to file his 1983 action. Thank you. Thank you. We're going to take the case under advisement. We'll get you a decision as soon as we can. Zam and Zam Supermarket.